---

(25 Misc. Rep. 582.)
### In re WILDBERGER'S ESTATE.

(Surrogate's Court, New York County. December, 1898.)

APPLICATION FOR GUARDIANSHIP.
> Where a widow, with her minor child, removed to Pennsylvania, remarried, and died, leaving a husband, who was appointed guardian of the child, an application for guardianship made in New York on behalf of an aunt residing in Brooklyn, no facts being alleged warranting a transfer of the custody of the child from the stepfather, will be denied.

Petition for letters of guardianship of the person of Cecilia Caroline Wildberger, an infant. Denied.

Benjamin Yates, for petitioner.
Henry B. Wesselman, for respondent.

ARNOLD, S. It appears from the papers submitted that the Farmers' Loan & Trust Company was heretofore appointed guardian

of the estate of this minor, whose mother was about the same time appointed guardian of her person, the father having died. Subsequently the mother removed with her child to the state of Pennsylvania, where she remarried, and resided for some time, and there died, leaving her, as well as the second husband and a child by her marriage with him, surviving. The stepfather has since had the custody of the person of his stepchild. A petition is here presented by a person not related to the infant, but who claims to have been an intimate friend of the mother and former guardian of the person of the child, asking that letters of guardianship of the person be granted and issued to her. It would appear that the nearest adult blood relative of the infant is an aunt residing in Brooklyn, and that the petitioner here is willing and requests that such aunt be appointed guardian, instead of herself, and the former also makes a request to that effect. The stepfather intervenes, and claims that the infant is a nonresident, and that the court has not jurisdiction in the premises; and it now appears, in addition, that he has applied for and obtained letters of guardianship from a Pennsylvania court. It seems to me, upon consideration of all the circumstances, that the infant's domicile was changed to Pennsylvania upon the removal of her mother, her surviving parent, to that state, and her subsequent continued residence there with the child. Apart from that question, however, I do not find in the affidavits submitted any allegations which, if true, would warrant the interference of this court in transferring the custody of the infant's person from the stepfather to either the petitioner or the aunt referred to, which are not fully met, so far as it would seem possible to meet the same, in the affidavits submitted on his behalf; and in view thereof, and of his appointment as guardian by the Pennsylvania court, I shall deny the application for the appointment of another guardian here. If any substantial grounds exist, and can be shown, for the revocation of the Pennsylvania appointment, they can, and should be, presented to the proper court in that state for consideration.

Application denied.